## In re MAKI.

(Circuit Court of Appeals, Sixth Circuit. March 9, 1927.)

No. 4608.

**1. Bankruptcy ⟵288(1)—Bankrupt's wife not adversely claiming fund, is not necessary party to summary proceeding against bankrupt.**

Bankrupt's wife, who was not holding and adversely claiming fund which it was claimed bankrupt had failed to schedule was not a necessary party to summary proceeding against bankrupt.

**2. Bankruptcy ⟵288(14)—District Court's finding of bankrupt's possession of funds sustained by evidence held conclusive on subject of summary jurisdiction.**

Finding of District Court that, at time of institution of summary proceedings, fund, which bankrupt was claimed to have failed to schedule, was in his possession, and that claim made on behalf of wife thereto was merely pretended, *held* conclusive on subject of summary jurisdiction when sustained by substantial evidence.

**3. Bankruptcy ☞467(4)—Concurrent findings of referee and District Judge will not be set aside for anything less than plain mistake.**

Concurrent findings of referee in bankruptcy and District Judge will not be set aside on appeal on anything less than demonstration of plain mistake.

**4. Bankruptcy ☞136(2)—Referee had jurisdiction to enter turnover order after previous order had been reversed (Judicial Code, § 269 [Comp. St. § 1246]).**

Under Judicial Code, § 269 (Comp. St. § 1246), referee in bankruptcy had jurisdiction to enter a turnover order after opinion of trial court reversing original action, although it does not appear that order was filed until after referee had assumed jurisdiction of second application.

**5. Bankruptcy ☞446(7)—Facts found by lower court on ordering bankrupt to turn over certain funds must be taken as true, when supported by testimony.**

In proceedings for review of order requiring bankrupt to turn over certain funds, facts as found by lower court must be taken as true, unless there is an entire lack of substantial testimony in their support.

**6. Bankruptcy ☞446(9)—Bankrupt seeking review of turnover order may not complain of referee's refusal to take proffered testimony subsequently received.**

On petition to review order requiring bankrupt to turn over certain funds, bankrupt may not complain of referee's refusal on previous turnover order, which was subsequently reversed by District Court to take proffered testimony, which testimony was received on second proceeding.

Petition to Review an Order of the District Court of the United States for the Northern Division of the Western District of Michigan; Fred M. Raymond, Judge.

In the matter of William Maki, bankrupt: An order of the referee, requiring bankrupt to surrender assets, was affirmed by the District Court (14 F.[2d] 626), and the bankrupt petitions to review. Affirmed.

Edward W. Massie, of Ironwood, Mich., for petitioner.

E. A. Macdonald, of Marquette, Mich., for trustee.

Before DENISON, MOORMAN, and KNAPPEN, Circuit Judges.

PER CURIAM. The order in question affirmed an order of the referee in bankruptcy made in a summary proceeding, requiring petitioner to turn over to the trustee in bankruptcy $3,480.88, which the referee found the bankrupt owned and had in his possession at the time the petition in bankruptcy was filed, but failed to schedule, account for, or deliver to the trustee, as against bankrupt's claim

that, before bankruptcy, he had paid the money to his wife in satisfaction of his debt to her, and that the money was no longer in his ownership or possession. An earlier referee's turnover order had been reversed by the District Court for lack of due notice to bankrupt of the contemplated proceeding and reasonable opportunity to prepare and present defense. The record was remanded to the referee, with directions to permit the trustee, if so advised, to file a petition particularly specifying the trustee's claims, with reasonable notice to petitioner of the hearing, and permission to answer under oath, etc., both parties to have leave to present such further testimony as they might be advised.

[1-3] 1. If, when the hearing was had below, the wife was not holding and "adversely claiming" the fund in question, summary proceeding against the bankrupt alone was proper. The wife was at no time a party. The District Court held that at the time the proceedings were instituted the fund was in the bankrupt's possession, and that the claim now made on behalf of the wife is merely pretended. Such finding is conclusive on the subject of summary jurisdiction, provided there was substantial evidence to sustain it, as there in fact was. Loveland on Bankruptcy (3d Ed.), pp. 90, 91; Collier on Bankruptcy (7th Ed.), pp. 410, 411; In re Muncie Pulp Co. (C. C. A. 2) 139 F. 546. Should it be thought that the rule just stated is not applicable where summary jurisdiction is made to depend upon such finding of fact, the result is the same; for the concurrent findings of referee and judge will not be set aside on appeal on anything less than a demonstration of plain mistake; and there is here no such demonstration. Ohio Valley Bank v. Mack (C. C. A. 6) 163 F. 155, 24 L. R. A. (N. S.) 184; Johnson v. Ellmers (C. C. A. 6) 295 F. 685; Tennessee Finance Co. v. Thompson (C. C. A. 6) 278 F. at page 600.

[4] 2. We see no merit in the contention that the referee lacked jurisdiction to enter a second turnover order, by reason of the asserted then pendency of review by the District Court of the earlier order. The opinion of the court below, reversing the referee's action, was dated and filed August 4, 1925, more than a week before the second proceeding was begun. It was in the bankrupt's favor. It was at least as much his duty as that of the trustee to draw the order announced by the opinion, and to see to its entry. It is not clear whether or not the order

was filed promptly; and, while bankrupt alleges that it was not entered until after the referee had assumed jurisdiction of the second application, the court says that it was "duly entered." But it seems enough to say that this criticism of lack of jurisdiction is without merit, and that section 269, Judicial Code (Comp. St. § 1246), was framed to meet just such criticism. West v. United States (C. C. A. 6) 258 F. 414, 415.

[5] 3. We see no force in the criticisms of the findings upon the merits of the claim of ownership and possession of the fund by the wife. There was substantial and abundant evidence to support the conclusion below. In this proceeding for review, we must take the facts as found by the court, as against the bankrupt, who is the only adverse party before the court, unless there is an entire lack of substantial testimony in their support. In re De Ran (C. C. A. 6) 260 F. at page 737, and cases there cited; In re Stitt (C. C. A. 6) 252 F. at page 6.

[6] 4. Bankrupt has manifestly no cause to complain of the refusal of the referee, on the first turnover order, to take further proffered testimony of Mrs. Maki. Indeed, it is not clear that the present application attempts to raise that question. The further testimony was excluded on the first hearing for the reason that the referee had already made the turnover order, that application had been made to the District Court for review and was still pending. On the second proceeding below (here under review), bankrupt's wife testified at considerable length and with much detail.

The order of the District Court is affirmed.