626

In re GALLIS et al.

COTSIRILOS v. KLEIN.

No. 7239.

Circuit Court of Appeals, Seventh Circuit.

Oct. 28, 1940.

John D. Vosnos, of Chicago, Ill., for appellant.

Morton B. Hochberg, of Chicago, Ill., for appellee.

Before EVANS and KERNER, Circuit Judges, and LINDLEY, District Judge.

EVANS, Circuit Judge.

Appellant appeals from an order of the District Court which affirmed an order of the referee in two bankruptcy matters (John Gallis, Bankrupt, and James L. Gallis, Bankrupt), which directed appellant "to turn over and deliver to" the trustee of said estates, the sum of $1,000.

The fact findings which afford the basis of this turn-over order were:

In January, 1937, John Gallis and James L. Gallis, bankrupts herein, formed a partnership with Eleftherios Cotsirilos and engaged in the egg business under the name of Northern Egg Company. Shortly before the enterprise failed and ceased doing business, a year later, the members of the partnership distributed the few assets on hand and left numerous sizable claims wholly unpaid. Fifteen hundred dollars in cash was "turned over and delivered" to John Cotsirilos, the appellant herein. The finding which was vital to the turn-over order, and which is the heated point of controversy in this court, and which we must either sustain or overthrow, dealt with this payment to Cotsirilos.

The referee found that the
"copartners doing business as the Northern Egg Company, being then and there insolvent, turned over and delivered to John Cotsirilos * * * the sum of $1500.00 from and out of the co-partnership assets; that the said co-partnership was not indebted to the said John Cotsirilos, and that the turn-over of said moneys * * * was wholly without consideration, made for the purpose of concealing the assets of said co-partnership and placing the same out of the reach of their creditors."

The referee also found that John Cotsirilos
"is not an adverse third party herein with any color or right in and to said moneys; * * * *."

He further found
"that said moneys are now in Cotsirilos' possession and control and that this court has summary jurisdiction over him."

*Evidentiary Support of Findings.* Appellant's attack on the findings has necessitated a study of the evidence which is in a most unsatisfactory state.

From a reading of the entire record, the conclusion is tolerably clear that there is substantial evidence to support the two

findings (heretofore quoted) which are assailed.

A fair statement of it as an entirety is that appellant advanced money to his son, who, with the two bankrupts herein, embarked in the egg business under the name of the Northern Egg Company. Failure from the start describes the business and incompetency characterized the actions of the partners who operated it. In a short time, the business was in trouble and debts began to oppress. It grew worse. Its books were lost, misplaced, or destroyed. Debts increased. Creditors were numerous and became more insistent in collecting their debts. Suits were begun. Some creditors attached. Others garnisheed. In this situation someone, either the partners or appellant, conceived the idea of ending it all by turning over the assets, or all of the worth-while assets, to the appellant. The plan was carried out. Some of the many creditors objected. Not without reason, they protested against the transfer of all of the assets of the partnership to the father of one of the partners, leaving their claims unpaid. This, in brief, is the undisputed fact situation which confronts us.

In further support of the referee's findings, there are inferences fairly deducible from the undisputed facts which throw serious doubt upon the genuineness of appellant's creditor status. A sinister motive might well be attributed to those who executed the plan whereby the money belonging to the partnership was given to appellant. Even his creditor status was doubtful. The referee saw the witnesses and heard their stories at length. He was in a much better position than we, to pass on their credibility and the case is one which turns on credibility. His deliberate judgment is entitled to great weight. We must and do accept it.

It is also clear that if his first finding is accepted, he was justified in concluding that appellant's adverse claimant status was not real and substantial, but merely colorable. The referee was therefore justified in acting in this summary proceeding. May v. Henderson, 268 U.S. 111, 45 S.Ct. 456, 69 L.Ed. 870; Harrison v. Chamberlin, 271 U.S. 191, 46 S.Ct. 467, 70 L.Ed. 897.

On the theory that the business affairs of the co-partnership were at an end, the referee concluded that each individual partner was a one-third owner of the $1500 turned over to appellant. He therefore ordered that the one thousand dollars ($500 belonging to two of the bankrupts) now be paid to the trustee of their bankrupt estates.

It would seem to be clear, and in fact elementary, that the money in question belonged to the insolvent partnership. If, however, the partnership were dissolved and the creditors of the partnership saw fit to file their claims against the individuals as they have done in this case, the assets might be distributed by the trustee of the individual members of the partnership.

Should there be bankruptcy proceedings instituted against the partnership and a trustee of the bankrupt estate appointed, he, rather than the trustee of the estates of the individual members of the partnership, would be entitled to the $1,000. In fact, he would be entitled to $1500 from the appellant. That, however, is a possibility not now before us.

Upon a showing that the partnership is insolvent, has gone out of existence and all of its creditors have filed claims against the estates of the insolvent members of the partnership, it would be promotive of the ends of justice to now dispose of this matter in these bankruptcy proceedings. The District Court will no doubt make the proper orders and direct the proper distribution of this fund, if bankruptcy proceedings are instituted against the partnership and a trustee of that estate is appointed.

The decree is affirmed.