## WETZEL v. SCHAEFER.
### No. 9884.

Circuit Court of Appeals, Fifth Circuit.
Dec. 26, 1941.

Rehearing Denied Jan. 19, 1942.

Ed Wetzel, in pro. per.

Erle Pettus and W. A. Price, both of Birmingham, Ala., for appellee.

Before HUTCHESON and McCORD, Circuit Judges, and MIZE, District Judge.

MIZE, District Judge.

Appellee has filed a motion to dismiss the appeal herein and assigns four grounds for his contention, the first three of which are to the effect that appellant has failed to file a complete transcript of the record within the time allowed by statute and has failed to comply with Rule 23 of this court and Rule 13 of the United States Supreme Court, 28 U.S.C.A. following section 354. The fourth ground challenges the right of appellant to prosecute the appeal in forma pauperis. If this motion were sustained on this fourth ground, we would permit the appellant to file a bond, and since the record is before us, we have concluded not to determine the issue of the ability of the appellant to make an appeal bond, but will overrule the motion to dismiss the appeal on all grounds and pass to the merits.

The record is too incomplete to support a reversal, but in view of the long drawn out and apparently unending litigation which appellant has conducted, we have examined it for the purpose of determining whether it presents any plausible theory for reversal which would justify our ordering the record supplemented in the respects in which it is inadequate.

The appellant files a motion to bar Erle Pettus one of the attorneys for the appellee, from appearing in this court for the trustee; likewise a motion to bar W. F. Schaefer as trustee from defending in this court, and assigns several grounds therefor. There is no merit in any of the grounds assigned and the motions are overruled.

Passing to the merits of the case,—the record discloses that on November 13, 1928, the appellant filed a voluntary petition in bankruptcy in the Southern Division of the Northern District of Alabama. He now claims that on the 13th day of November, 1928, at 6:30 A. M., he received a blow on his head, which rendered him for that day non compos mentis. However, since that day it appears from the record that he has been rather litigious and has filed many petitions in the case. The chief complaint now is that in the schedule which was filed by him was a judgment in favor of L. C. Fletcher which had been recovered in the circuit court of Jefferson county, Alabama, by default. He was duly adjudged a bankrupt; on the 13th day of November, 1928, by the Honorable W. I. Grubb, the then District Judge. On the 11th day of December, 1928, he attempted to amend his original petition and averred that the judgment in favor of L. C. Fletcher was set aside by the trial court.

On January 16, 1929, he filed a petition requesting the referee to set aside an order that was entered on the 15th of January, 1929. On January 17, 1929, through his attorney, he filed exceptions to the order made by the referee on January 15, 1929. On March 1, 1929, he filed a petition attempting to amend his schedule and set up that the judgment in favor of Mrs. Fletcher

was erroneously listed by him. On April 28, 1929, the referee declined to permit the amendment. Judge Grubb, on June 18, 1929, after hearing in open court, adjudged the appellant guilty of contempt of court for his refusal to comply with the order made by the referee. The referee, on August 6, 1929, after a hearing in which the appellant appeared in person and by attorneys, declined and refused to strike the claim of Mrs. Fletcher from his schedule and overruled his petition, which was filed on July 24, 1929, and amended on August 5, 1929, and specifically allowed the claim of Mrs. L. C. Fletcher against the bankrupt. The referee, on August 16, 1929, overruled the motion of the appellant for a new trial and to set aside the decree of August 5, 1929. The appellant, on August 20, 1929, filed another petition, in which he undertook to have the court again review the orders of August 5 and of August 16. The referee entered the order on September 27, 1929, fixing the matters for hearing for October 3, 1929. The matter came on for hearing before Judge Grubb on the 12th of October, 1929, upon a petition for review after the execution of the order for re-reference to the referee for further testimony. Upon a hearing before Judge Grubb the order of August 16, 1929, was confirmed and the motion of the appellant to expunge the claim of Mrs. Fletcher was by Judge Grubb overruled and the claim allowed. On August 29, 1929, the referee declined to permit an amendment of the schedule "A" so as to eliminate the claim of Mrs. Fletcher. Judge Grubb, on November 25, 1929, upon a hearing before him, denied the petition of the appellant for a re-hearing of the decree made on October 12, 1929, by the judge.

The appellant, on January 5, 1935, filed a petition addressed to the judge of the court, seeking to dismiss the bankruptcy petition in which again he sought to set aside the judgment obtained by Mrs. L. C. Fletcher, and upon the hearing of this petition by Judge Grubb on that date, at which hearing the appellant was represented by counsel and appeared pro se, the petition was denied and dismissed, and his application to expunge the judgment of Mrs. Fletcher was by the court denied.

So far as disclosed by the record, there were no further proceedings until the year 1938. During that year several documents were filed. On the 12th of May, 1938, he filed with the referee the document designated by him as special pleas, in which he reiterated that he had filed pleas to the jurisdiction of the court and in which he reiterated his contention that the schedule filed by him was defective, and again sought to question the validity of the judgment of Mrs. Fletcher. This petition was denied on May 12, 1938, by the referee in bankruptcy. He filed various other petitions, pleadings and briefs not necessary here to mention. On March 4, 1938, he filed with the referee the document in which he alleged that the claim of Mrs. Fletcher for $5,000 should have been denied by the referee. The referee made an order setting the petition for hearing on March 16, 1938. The record does not disclose whether it was heard on that date or not, but on March 22, 1938, he filed a document addressed to the District Judge in which he alleged that the claim of $5,000 filed by L. C. Fletcher should not have been allowed by the referee. The District Judge set the petition for hearing on March 23, 1938. The record does not disclose if this was heard on the 23rd day of March, 1938, or not, as many parts of the record in the lower court are shown by the record here "not found". The appellant filed a petition on March 4, 1938, to expunge the claim of Mrs. L. C. Fletcher and to disallow the same and the referee, on the 21st of March, 1938, denied his petition and held that the opinion of the District Court was final. On October 21, 1938, he attempted to amend his schedule by striking therefrom the judgment in favor of L. C. Fletcher. This amendment was submitted and denied by the referee on October 21, 1938. The record is clear that the judgment sometimes referred to in some of the orders as that of L. C. Fletcher is one and the same as that of Mrs. L. C. Fletcher.

On March 22, 1938, the appellant, appearing in person and by attorneys, before Judge Kennamer, filed a petition to expunge the claim of Mrs. L. C. Fletcher, and said petition, after hearing, was denied by Judge Kennamer. Appellant filed another petition on April 27, 1938, in which, again, he seeks the dismissal of the judgment of Mrs. Fletcher and reiterates contentions theretofore by him made, and styled his document a petition for certiorari to the referee in bankruptcy. This matter was heard by Judge Murphree on the 5th of August, 1938, and was denied. The referee, on February 1, 1939, submitted to the District Court a certificate for review of the

order of the referee made on December 20, 1938. Judge Murphree, after hearing said petition, on July 11, 1939, confirmed the order of the referee. The appellant filed separate and several petitions for review of the orders of the referee entered on August 29, 1939, September 19, 1939, October 21, 1939, and August 13, 1940, and appeared in person before the court, wherein the other interested parties were represented by counsel, and the court heard and considered each of the petitions for review and denied and dismissed them and confirmed the orders of the referee. This was done by the trial court on the 13th of January, 1941. The appeal is from that order of January 13, 1941.

 We have set out somewhat in detail what has transpired over a period of many years for the reason that appellant now contends in this court that the schedule in bankruptcy was not filed by him, nor was it filed by anyone authorized by him so to do. The original petition in bankruptcy seems to have been lost, but the entire record as hereinbefore referred to rather in detail shows conclusively that the appellant did file the petition in bankruptcy and listed Mrs. L. C. Fletcher as one of his creditors. He made repeated efforts thereafter to have the judgment expunged and upon each occasion the ruling was against him, from which ruling he did not appeal within the time permitted by law. The judgment listed by him, as a matter of fact, was a valid judgment under the laws of Alabama. The appellant properly pursued the course that he should have pursued under the laws of Alabama. He made a direct attack upon the judgment rendered in the circuit court of Jefferson county, Alabama, and the decision in the lower court having been against him, he appealed to the Supreme Court of Alabama. Wetzel v. Schaefer, 239 Ala. 699, 195 So. 905. The case having been decided against him on its merits April 25, 1940, and re-hearing denied May 16, 1940; Judge Grubb having decided the contention of appellant adversely to appellant on October 12, 1929, November 25, 1929, and April 13, 1935; and Judge Kennamer having ruled likewise on the same questions on March 23, 1938, and Judge Murphree likewise having so ruled on the same matters on August 5, 1938, the matter thereupon became final, so far as the federal court is concerned, after the time for appeal had expired.

It is a well-established proposition of law that the findings of the referee, approved by the District Court, unless there appear errors of law or there was no evidence upon which to base the findings, will not be disturbed. Reiss v. Reardon, 8 Cir., 18 F.2d 200; In re Maki, 6 Cir., 18 F.2d 89; West Kentucky Coal Co. v. Dillman, 8 Cir., 15 F.2d 25. In the present case there was ample evidence upon which to base the findings and there were no errors of law appearing upon the record.

Appellant cites vast numbers of authorities, none of which are applicable to the facts of this case.

The judgment of the lower court was correct.

Affirmed.