## In re ROSENBERG et al.

## TRUST CO. OF CHICAGO v. MURPHY et al.

## No. 8295.

Circuit Court of Appeals, Seventh Circuit.
Oct. 25, 1943.

Rupert F. Bippus, Robert C. Pierce, Grover D. Rose, and Russell B. Burt, all of Chicago, Ill., for appellant.

Martin J. McNally and Daniel J. Lamont, both of Chicago, Ill., for appellees.

Before SPARKS, MAJOR, and MINTON, Circuit Judges.

MINTON, Circuit Judge.

The primary reason for recovery urged below by the appellant was that it claimed to be entitled to an equitable lien upon certain real estate then in possession of a trustee in bankruptcy. In this view, it was necessary for the appellant to establish the existence of the equitable lien. On the hearing before the referee in bankruptcy on this question, there was a sharp conflict in the testimony. The referee found "that the evidence wholly failed to establish that the partnership (the bankrupts) entered into the oral agreement" set forth in the appellant's petition. It was out of this oral agreement, the appellant contended, that the equitable lien arose. The District Court adopted the referee's findings, and entered its order against the appellant.

Since there was a conflict in the testimony on this vital question which went to the existence or non-existence of the equitable lien upon which the appellant relies for recovery, and the trial court upon that conflict resolved against the appellant, we are powerless to change such finding as we do not weigh the evidence on appeal. In re Gallis et al. Cotsirilos v. Klien, 7 Cir., 115 F. 2d 626, 627; Wetzel v. Schaefer; 5 Cir., 124 F.2d 308, 310; Forbush Co. v. Bartley et al., 10 Cir., 78 F.2d 805, 806.

The appellant was ordered by the District Court to convey the bare legal title to the property in question to the purchaser of the property at a sale held by the trustee in bankruptcy. The appellant held the title to the property as a passive trustee in a dry trust. It did not hold the title as security for any collateral transaction with the bankrupts. The appellant objects to complying with this order because, although it has no equitable lien, it asserts a court of equity should not require it to convey the legal title to the trustee's purchaser with-

out requiring the trustee to do equity by making the appellant whole on its loss suffered in its transaction with the bankrupt partnership involving the Ashland Avenue property, which transaction the lower court found contained no equities in favor of the appellant or any fraud·by the bankrupts. Under those circumstances, with no equities in its favor, the appellant, who was a passive trustee and the bare holder of the legal title, was bound in law and equity to convey the legal title to the trustee's purchaser. There were no equities in favor of the appellant for a court of equity to recognize. There was no legal reason for the appellant to refuse to convey such title, and its refusal to do so was not justified on any ground.

The judgment of the District Court is affirmed.