Donald A. McCULLOUGH and McCullough Transfer Company, Appellants,

v.

T. Kenneth MATTIMOE, Trustee in Bankruptcy, etc., Appellee.

No. 13886.

United States Court of Appeals Sixth Circuit.

Nov. 4, 1959.

**162**

John P. McMahon, Columbus, Ohio, E. Donald DeMuth and David L. Huprich, Toledo, Ohio, George, Greek, King & McMahon, Columbus, Ohio, on the brief, for appellants.

Robert B. Gosline, Toledo, Ohio, Shumaker, Loop & Kendrick, Carl J. Marlow, Toledo, Ohio, on the brief, for appellee.

Before McALLISTER, Chief Judge, and MARTIN and CECIL, Circuit Judges.

PER CURIAM.

The appeal here is taken from an order of United States District Judge Kloeb, dismissing petitions by appellants for review of an order for sale entered by the Referee in Bankruptcy; of the Referee's amended order for sale and other relief; and of his order suspending execution.

In the order from which appeal was taken, the United States District Judge, upon consideration of the certificate of review of the Referee including the transcript of testimony, evidence and ex-hibits received on the hearing by the Referee, accepted the Referee's findings of fact and confirmed his findings and conclusions.

■ The concurrent findings of the Referee in Bankruptcy and the United States District Judge will not be set aside on appeal unless they are clearly erroneous. In re Maki, 6 Cir., 18 F.2d 89, 90; Ohio Valley Bank Co. v. Mack, 6 Cir., 163 F. 155, 158, 24 L.R.A.,N.S., 184; Cunningham v. Elco Distributors, 6 Cir., 189 F.2d 87, 89, 25 A.L.R.2d 1008; Rule 52, Federal Rules of Civil Procedure, 28 U.S. C.A. The concurrent findings in this case, which are the subject of controversy, are that appellants had no right, title or interest in a certain permit issued by the Public Utilities Commission of Ohio, or in a certain certificate of public convenience and necessity issued by the Interstate Commerce Commission: both of which are registered in the name of the bankrupt company A & A Trucking, Inc.

The Referee found further, upon substantial evidence, that the personal property described in the petition for sale is the property of the bankrupt and should be sold free and clear of liens. He found, too, that the appellant McCullough Transfer Company should be enjoined from further prosecution of an action against the bankrupt company in an Ohio Court of Common Pleas, for the reason that the property therein involved is the same as that which, in the bankruptcy court, had been determined to be property in which the transfer company had no interest by way of lien, or otherwise; but that it is the property of the bankrupt, subject to administration by the bankruptcy court.

■ At the time of the adjudication in bankruptcy of the A & A Trucking, Inc., the aforementioned Ohio Permit and the Interstate Commerce Commission Certificate, which constituted the principal assets of the bankrupt estate, were in the entire possession and control of the bankrupt. These documents were still registered in the name of the bankrupt

corporation when the Trustee's petition for order of sale was heard. There was no question as to the title to the assets involved in this litigation being vested in the bankrupt corporation at the time of its adjudication; and the pending state court action was merely a suit for recission of a contract of sale and purchase. The bankruptcy court obtained exclusive jurisdiction of all the property of the bankrupt upon its adjudication. See 11 U.S.C.A. §§ 46(a) and 110(a); Isaacs v. Hobbs Tie & Timber Co., 282 U.S. 734, 737, 51 S.Ct. 270, 75 L.Ed. 645; Ex parte Baldwin, 291 U.S. 610, 616, 54 S.Ct. 551, 78 L.Ed. 1020; In re Maki, 6 Cir., 18 F. 2d 89, 90; In re Lustron Corp., 7 Cir., 184 F.2d 789, 798, certiorari denied R. F. C. v. Lustron Corp., 340 U.S. 946, 71 S. Ct. 531, 95 L.Ed. 682.

A court of bankruptcy has undisputed jurisdiction to enjoin the prosecution of the state court action in an appropriate case. 11 U.S.C.A. § 29; Mitchell Store-Building Co. v. Carroll, 6 Cir., 193 F. 616.

The judgment of the district court is affirmed.