**In re DAVID M. HUNT CONSTRUCTION COMPANY, Bankrupt.**

**Leon KATZ, Trustee, Plaintiff,**

**v.**

**OLNEY FEDERAL SAVINGS AND LOAN ASSOCIATION, and Tabor Service Corporation, Defendants.**

**Bankruptcy No. 78–616EG.**

United States Bankruptcy Court, E. D. Pennsylvania.

Feb. 27, 1980.

See also, Bkrtcy, 3 B.R. 256.

Leon Katz, Philadelphia, Pa., trustee.

Adelman & Lavine, Philadelphia, Pa., by Melvin Lashner, Philadelphia, Pa., for trustee.

Bruce D. Shuter, Joseph A. Dworetzky, Drinker, Biddle & Reath, Philadelphia, Pa., for Olney Federal Sav. and Loan Ass'n, defendant.

Francis E. McGill, Jr., McGill & McGreal, Philadelphia, Pa., for Tabor Service Corp., defendant.

J. Dennis Faucher, Philadelphia, Pa., for bankrupt.

## OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

The issue presented to us is whether a complaint brought by the trustee of a bankrupt to recover money, which allegedly belongs to the bankrupt, from a corporation and its parent corporation should be dismissed for lack of summary jurisdiction and for failure to state a cause of action against the parent corporation. We conclude that an evidentiary hearing must be held in order to determine whether we have summary jurisdiction and we will allow the trustee plaintiff to amend his complaint, if he can, in order to allege sufficient facts to state a cause of action against the parent corporation.[1]

On June 19, 1979, the trustee in bankruptcy ("trustee") for David M. Hunt Con-

---

1. This opinion constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

struction Company ("the bankrupt") filed a complaint against Olney Federal Savings and Loan Association ("Olney") and Tabor Service Corporation ("Tabor") seeking to recover certain funds allegedly due the bankrupt under a contract entered into on August 6, 1973, between the bankrupt and Tabor by which the bankrupt was to construct a building for Tabor.[2] The building was allegedly completed[3] and the complaint asserts that the sum of $100,686.21 thereupon became due to the bankrupt from Tabor.[4]

The trustee further alleges in his complaint that the defendant Olney was liable for the above sum of money although Olney was not a signatory to the above contract. This liability is premised on the allegation that Tabor is a wholly owned subsidiary of Olney and that "Tabor is so controlled and dominated by its parent, defendant bank [Olney], that it exists as a mere instrumentality for the benefit of defendant bank."[5]

Both defendants filed motions to dismiss the trustee's complaint. Tabor's motion seeks a dismissal for lack of summary jurisdiction.[6] Olney's motion seeks a dismissal for both lack of summary jurisdiction and for failure to state a cause of action against it.[7]

1. *Lack of Summary Jurisdiction over Tabor and Olney.*

█ Both defendants assert that we are without jurisdiction over the subject matter of the instant complaint because the funds in question were not in the actual or constructive possession of the bankrupt at the time it filed its voluntary petition in bankruptcy.[8] The law is settled that where a controversy involves property that is in the actual or constructive possession of the bankrupt at the time of the filing of the petition in bankruptcy, the bankruptcy court has jurisdiction to summarily adjudicate all rights and claims pertaining to that property;[9] but where the controversy involves property that is in the possession of a third party who asserts a substantial adverse claim to that property, the bankruptcy court does not have jurisdiction to summarily decide that party's claim to the property without his consent.[10]

█ In the instant case, since it is apparent from the complaint that the property in controversy was not within the actual or constructive possession of the bankrupt at the time of the filing of the petition in bankruptcy,[11] the question presented then is whether Tabor or Olney, the parties in whose hands the property is alleged to be,[12] has a substantial adverse claim to that property.

In discussing the problem of determining whether a third party has a substantial claim to property in its possession, the Supreme Court has stated:

. . . the court is not ousted of its jurisdiction by the mere assertion of an

---

**2.** *See* contract attached as exhibit A to the complaint of Leon Katz, trustee for *David M. Hunt Construction Company v. Olney Federal Savings and Loan Association and Tabor Service Corporation*, filed June 19, 1979 [hereinafter cited complaint].

**3.** *See* complaint, at ¶¶ 8–10.

**4.** *See id.* at ¶¶ 6–16 and 17–20. The trustee alleged that there are two sums of money due: $65,686.21 due under the savings provision of the contract and $35,000 due from Tabor because it had been held in escrow under a separate agreement pending the completion of a second tower in the apartment building which was never built. *Id.*

**5.** *Id.* at ¶ 5.

**6.** *See* Motion to Dismiss and Memorandum of Law in Support of Defendant Tabor's Motion to

Dismiss, filed July 19, 1979, and August 13, 1979, respectively.

**7.** *See* Motion to Dismiss and Memorandum of Law in Support of Defendant Olney's Motion to Dismiss, filed July 19, 1979, and August 13, 1979, respectively.

**8.** *See* notes 6 & 7 *supra.*

**9.** *See* 2 Collier on Bankruptcy § 23, ¶ 23.04 (14th ed. 1978) and cases cited therein.

**10.** *Id.*

**11.** *See* complaint at ¶¶ 6–16 and 17–20 and 21–24.

**12.** *Id.*

adverse claim; but, having the power in the first instance to determine whether it has jurisdiction to proceed, the court may enter upon a preliminary inquiry to determine whether the adverse claim is real and substantial or merely colorable. And if found to be merely colorable the court may then proceed to adjudicate the merits summarily; but if found to be real and substantial it must decline to determine the merits and dismiss the summary proceeding.[13]

In the case at bar we conclude that such a preliminary evidentiary hearing must be had to determine if we have summary jurisdiction to decide the issues presented.

In its present posture we are faced by a complaint by the trustee seeking to recover a sum of money allegedly in the hands of the defendants and which professedly belongs to the bankrupt. The defendants did not file answers to the complaint but, instead, filed motions to dismiss. In their motions and in their memoranda of law in support of their motions, the defendants have made no assertion that they have any adverse claim to the money.[14] Thus, as the controversy stands before us, the defendants have only made a bare contention that we lack summary jurisdiction. As noted above, more than that is required to divest a bankruptcy court of its jurisdiction. Consequently we cannot at this time grant the

defendants' motions to dismiss for lack of summary jurisdiction.

However, since we would be unable to proceed with this case if we, in fact, lacked jurisdiction, we conclude that we must hold an evidentiary hearing to determine if the defendants have a substantial adverse claim to the funds at issue. In this regard, we should note that the defendants need not prove that their claim to the property will be ultimately successful; they need only demonstrate that their claim is substantial and not merely colorable.[15] In other words, it is not enough for the defendants to merely assert that they have an adverse claim to the property; they must show that their claim has some basis in fact and some color of law.[16] It will then be our duty to examine the evidence and weigh its credibility before determining if the adverse claim is substantial.[17]

Further, it will not be sufficient for the defendants at the hearing to merely argue that we are without summary jurisdiction because this controversy is based on a contract claim. The cases which the defendants cite for that proposition are clearly distinguishable from this case on the facts which are before us so far. The cases cited involved complaints based on contracts in which the defendants disputed the claim itself and/or the amount of that claim.[18] That amounted to an adverse claim by

---

13. *Harrison v. Chamberlin*, 271 U.S. 191, 194, 46 S.Ct. 467, 468, 70 L.Ed. 897 (1926). *See also, Cline v. Kaplan*, 323 U.S. 97, 65 S.Ct. 155, 89 L.Ed. 97 (1944); *Taubel-Scott-Kitzmiller Co., Inc. v. Fox*, 264 U.S. 426, 44 S.Ct. 396, 68 L.Ed. 770 (1924); *Mueller v. Nugent*, 184 U.S. 1, 22 S.Ct. 269, 46 L.Ed. 405 (1902); *Louisville Trust Co. v. Cominger*, 184 U.S. 18, 22 S.Ct. 293, 46 L.Ed. 413 (1902); *In re Meiselman*, 105 F.2d 995 (2d Cir. 1939); *In re Scranton Knitting Mills, Inc.*, 21 F.Supp. 227 (M.D.Pa.1937).

14. *See* notes 6 & 7 supra.

15. *Harrison v. Chamberlin*, 271 U.S. 191, 195, 46 S.Ct. 467, 469, 70 L.Ed. 897 (1926). *See also*, cases cited in note 13 *supra*.

16. *Mueller v. Nugent*, 184 U.S. 1, 15, 22 S.Ct. 269, 275, 46 L.Ed. 405 (1902). *See also*, cases cited in note 13 *supra*.

17. *See e. g., In re Kansas City Journal-Post Co.*, 144 F.2d 819 (8th Cir. 1944) *cert. denied* 323 U.S. 807, 65 S.Ct. 559, 89 L.Ed. 644 (1945); *In re Gallis*, 115 F.2d 626 (7th Cir.), *cert. denied*, 312 U.S. 704, 61 S.Ct. 808, 85 L.Ed. 1137 (1941); *Autin v. Piske*, 24 F.2d 626 (5th Cir.), *cert. denied*, 277 U.S. 601, 48 S.Ct. 562, 72 L.Ed. 1009 (1928).

In *Autin v. Piske*, the Court of Appeals for the Fifth Circuit stated that the claimant's "testimony in regard to [what happened to the money he had which belonged to the bankrupt's estate] was so vague and indefinite of itself, and so improbable, that it is unworthy of belief, and the referee was justified in rejecting it entirely." 24 F.2d at 627.

18. *See* cases cited at page 2 of Memorandum of Law in Support of Defendant Tabor's Motion to Dismiss, filed August 13, 1979.

those defendants. In the instant case, we have no indication from the defendants that they dispute the trustee's claim or the amount of that claim. In fact, the trustee has offered evidence that one of the defendants, Tabor, has admitted it owes the bankrupt part of the sum in controversy, i. e., the $65,686.21 based on the savings provision of the contract.[19] Tabor has not attempted to controvert this evidence. With respect to the rest of the money, the $35,000 which the trustee alleges was placed in escrow, Tabor does assert that it has a substantial adverse claim thereto and that it has evidence to that effect, but that evidence was not presented to us (nor was Tabor required to do so in its motion to dismiss) so that we could determine if Tabor's claim was substantial.[20] However, Tabor will have the opportunity to offer any evidence which it might have on this matter.

Defendant Olney asserts an additional ground for its argument that we lack summary jurisdiction: that if the property which the trustee is seeking is in Olney's hands, Olney has a substantial adverse claim to it, namely, that it belongs to Olney, not to Tabor.[21] However, if we accept the trustee's piercing-the-corporate-veil theory as true, which we must in a motion to dismiss,[22] then it appears that Olney's mere assertion that the money belongs to it is not a substantial claim; in fact, if Olney and Tabor are one, Olney would not have a substantial adverse claim unless Tabor had one. As stated above, on the facts before us we cannot say that Tabor has a substantial adverse claim. However, like Tabor, Olney will have the opportunity, at the hearing to be held, to present some evidence that it has a substantial adverse claim (which might include evidence to the effect that this is not a proper case in which to pierce the corporate veil).

2. *Failure of Complaint to State Cause of Action Against Olney.*

 The defendant Olney also asserts that we should dismiss the trustee's complaint as against it because the complaint fails to state a cause of action against it.[23] To support its position, Olney relies on the case of *George A. Davis, Inc. v. Camp Trails Co.*, 447 F.Supp. 1304 (E.D.Pa.1978) in which the district court dismissed a complaint containing an allegation similar to the one which the trustee asserts against Olney.[24] We do not believe, however, that *Davis* requires us to dismiss the instant complaint. The federal policy with respect to pleadings is to be liberal with respect to allowing amendments,[25] and in *Davis* the dismissal of the complaint was "without prejudice to the plaintiff's right to file an amended complaint containing further alle-

---

**19.** *See* letter from the president of Tabor dated April 20, 1979, attached as exhibit A to plaintiff's Brief Contra to Defendant, Tabor's, Motion to Dismiss for Lack of Jurisdiction, filed September 26, 1979.

**20.** *See* Memorandum of Law in Support of Defendant Tabor's Motion to Dismiss, at 4 and 5, filed August 13, 1979. In its Memorandum of Law Tabor stated that certain letters were attached as evidence that it has a substantial adverse claim. However, those letters were not so attached. *Id.*

**21.** *See* Memorandum of Law in Support of Defendant Olney's Motion to Dismiss, at 5–8, filed August 13, 1979.

**22.** *See, e. g., Frederick Hart & Co., Inc. v. Recordgraph Corp.*, 169 F.2d 580 (3rd Cir. 1948); *Hutchison v. New Amsterdam Cas. Co.*, 13 F.R.D. 175 (W.D.Pa.1952).

**23.** *See* Motion to Dismiss and Memorandum of Law in Support of Defendant Olney's Motion to Dismiss, filed July 19, 1979, and August 13, 1979, respectively.

**24.** *George A. Davis, Inc. v. Camp Trails Co.*, 447 F.Supp. 1304, 1308 (E.D.Pa.1978).

**25.** *See* Rule 15(a) of the Federal Rules of Civil Procedure; Wright, Federal Courts 310–12 (3d ed. 1976).

Rule 15(a) allows a party to amend his pleading once as a matter of course at any time before a responsive pleading is served. Since a motion to dismiss for failure to state a cause of action is not a responsive pleading, a party may amend after such a motion has been served. Wright at 310. Even if such a motion to dismiss is granted, the party has a right to file an amended complaint. *Id.*

gations pertinent to the application of the 'instrumentality rule' in this case." [26]

In light of our conclusion to hold an evidentiary hearing on the issue of summary jurisdiction, we will also allow the trustee to amend his complaint to allege sufficient facts in support of his allegation that Olney is liable for the bankrupt's funds that either Tabor or Olney hold.

---

26. *George A. Davis, Inc. v. Camp Trails Co.*, 447 F.Supp. 1304, 1308 (E.D.Pa.1978).